MARION D. FITCHETT, PROSECUTOR, v. BENJAMIN F. TURNER, DIRECTOR OF PUBLIC SAFETY OF THE CITY OF PASSAIC, THE BOARD OF COMMISSIONERS OF THE CITY OF PASSAIC, AND THE CITY OF PASSAIC, DEFENDANTS.

Submitted May 18, 1929—Decided November 14, 1929.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *Sigmond Unger* (*Arthur T. Vanderbilt,* of counsel).

For the defendants, *Joseph J. Weinberger.*

Per Curiam.

This writ of *certiorari* brings up for review the action of the commissioner of public safety of the city of Passaic in summarily dismissing Marion D. Fitchett from her employment as a special investigator of the police department of Passaic. She was employed by a resolution of the board of commissioners adopted February 3d, 1920, reading as follows: "Resolved, that the following persons be employed in the various city departments," and her name was amongst others, and therein she was described as "special police investigator," and her salary "per annum" was therein fixed.

She was summarily dismissed without a hearing on August 29th, 1927. She claims this was illegal and relies upon article 16, section 3, *Pamph. L.* 1917, *p.* 359. That act provides: "No person shall be removed from office or employment in any such police department or from the police force of any such municipality for political reasons, or for any other cause than incapacity, misconduct, non-residence, or disobedience of just rules and regulations;" and also relies upon article 16, section 5, which provides that "no person whether officer or employe in any such police department shall be removed from office or employment therein, except after just cause, as hereinabove provided, and then only after written charge or charges of the cause or causes of complaint shall have been preferred against such officer or employe, signed by the person or persons making such charge or charges and filed in the office of the municipal officer," &c.

The record discloses, we think, that the prosecutor was not employed temporarily for a limited period, but was employed for an indefinite employment, and was actually employed uninterruptedly for nearly eight years as an investigator for the police department, and was recognized and paid as such. Her duties were many and varied. She acted as a police matron, investigated domestic and probation cases and the like for the police department, and the duties which she was required to and did perform were of a general, common and recurrent nature. She was discharged without written charges or hearing, with this bare statement: "Your services

will no longer be required in this department." At the time there was no suggestion that she was discharged because the employment that she held was abolished, or for reasons or economy, nor does the latter reason, now urged, satisfactorily appear, it being, as we view it, a mere afterthought.

We think the order of dismissal must be set aside, with costs.