RAYMOND STINES, PROSECUTOR, v. THE BOARD OF COM-
MISSIONERS OF THE BOROUGH OF BELMAR, RE-
SPONDENT.

Submitted May 12, 1933—Decided September 7, 1933.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Quinn, Parsons & Doremus.*

For the respondent, *Joseph Silverstein.*

PER CURIAM.

The writ brings up a resolution passed by the board of commissioners of the borough of Belmar suspending the prosecutor from the police department of the borough.

The proofs show that Stines was employed continuously from 1926 to date of the passage of the resolution under review, July 19th, 1932, as patrolman on part time with a compensation of $166.66 per month. The employment was neither temporary nor to meet an emergency nor, so far as disclosed by the testimony, for parts of years. The employment was on fixed salary, from which uniform deductions for pension charges were made and for service as a regular patrolman but on shortened hours. The borough of Belmar is under commission form of government, and the mayor is the director of public safety and public affairs. On July 17th, 1932, the mayor suspended Stines for alleged intoxication, and on July 19th, without the preferment of written charges and without public examination or trial of any character, the board of commissioners passed the resolution under review, the essential part of which is:

"Be it resolved that the action and proceedings of the mayor in dismissing the said Raymond Stines as a patrolman of the borough of Belmar on July 17th, 1932, for the reasons aforesaid, be confirmed, ratified and approved." Thence forward Stines was refused opportunity to serve as a police officer.

Only two defenses are interposed by the respondent. The first of these is that Stines was guilty of laches in seeking the writ of *certiorari,* and on this point it is said in the respondent's brief that said proceedings were instituted in the month of November, more than four months after the passage of the resolution dismissing. No proof of that statement is cited from the record, nor do we find such. The affidavit supporting the petition by which the proceedings looking toward the allowance of the writ were instituted was sworn to on September 8th, 1932, about seven weeks after the passage of the resolution. We consider that under the circumstances of the case that interval was not such as to support a charge of *laches.*

The second defense is that a part-time officer may be dismissed at any time without cause. *Pamph. L.* 1917, *ch.* 152, *art.* 16, § 5 (the Home Rule act) provides:

"No person, whether officer or employe, in any such police department, shall be removed from office or employment therein, except after just cause, as hereinabove provided, and then only after written charges or charge of the cause or causes of complaint shall have been preferred against such officer, or employe, signed by the person or persons making such charge or charges and filed in the office of the municipal officer, officers or board having charge of the department in which the complaint arises, and after the charge or charges shall have been publicly examined into by the appropriate board or authority upon reasonable notice to the person charged; it being the intent of this act to give every person against whom a charge or charges for any cause may be preferred under this act, a fair trial upon said charge or charges, and every reasonable opportunity to make his defense, if any he has or chooses to make; and the officer, board or

authority having power to hear and determine such charge or charges shall have power to issue writs of subpœna to compel the attendance of witnesses."

We are constrained to the conclusion that Stines was an employe in the police department; that he was removed without written charges or trial, and that the fact that he was serving on shortened hours does not bring him within any of the exceptions to the statutory requirements. His employment was that of patrolman, uninterrupted for a period of more than seven years. There is no suggestion that the position was abolished or that the discharge was for reasons of economy. *Filchett* v. *Turner*, 7 *N. J. Mis. R.* 1014; 147 *Atl. Rep.* 740.

The dismissal was not accomplished in accordance with the statute. The resolution will be set aside, with costs.